**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

In re:                                                        Chapter 7

PRETTY GIRL, INC.,                                            Case No. 14-11979 (SHL)

               Debtor.                          (Jointly Administered)

------------------------------------------------------------x

SALVATORE LAMONICA, AS CHAPTER 7
TRUSTEE OF PRETTY GIRL, INC.

               Plaintiff,

      vs.

72 FASHION CORP.,                                             Adv. Pro. No. 16-01150 (SHL)

               Defendant.

------------------------------------------------------------x

SALVATORE LAMONICA, AS CHAPTER 7
TRUSTEE OF PRETTY GIRL, INC.

               Plaintiff,

      vs.

165-24 JAMAICA AVE CORP.,                                     Adv. Pro. No. 16-01151 (SHL)

               Defendant.

------------------------------------------------------------x

SALVATORE LAMONICA, AS CHAPTER 7
TRUSTEE OF PRETTY GIRL, INC.

               Plaintiff,

      vs.

241 UTICA AVE CORP.,                                          Adv. Pro. No. 16-01152 (SHL)

               Defendant.

-----------------------------------------------------------x

SALVATORE LAMONICA, AS CHAPTER 7
TRUSTEE OF PRETTY GIRL, INC.

       Plaintiff,

  vs.

947 S. CORP.,                 Adv. Pro. No. 16-01153 (SHL)

       Defendant.

-----------------------------------------------------------x

SALVATORE LAMONICA, AS CHAPTER 7
TRUSTEE OF PRETTY GIRL, INC.

       Plaintiff,

  vs.

1168 LIBERTY CORP.,         Adv. Pro. No. 16-01154 (SHL)

       Defendant.

-----------------------------------------------------------x

SALVATORE LAMONICA, AS CHAPTER 7
TRUSTEE OF PRETTY GIRL, INC.

       Plaintiff,

  vs.

1556 FLATBUSH AVE CORP.,      Adv. Pro. No. 16-01155 (SHL)

       Defendant.

-----------------------------------------------------------x

SALVATORE LAMONICA, AS CHAPTER 7
TRUSTEE OF PRETTY GIRL, INC.

       Plaintiff,

  vs.

2891 3RD AVE CORP.,         Adv. Pro. No. 16-01156 (SHL)

       Defendant.

2

```
------------------------------------------------------x
```

SALVATORE LAMONICA, AS CHAPTER 7
TRUSTEE OF PRETTY GIRL, INC.

                    Plaintiff,

            vs.

PG OF 730 FLATBUSH AVE CORP.,                         Adv. Pro. No. 16-01157 (SHL)

                    Defendant.

```
------------------------------------------------------x
```

SALVATORE LAMONICA, AS CHAPTER 7
TRUSTEE OF PRETTY GIRL, INC.

                    Plaintiff,

            vs.

PG OF JERSEY CITY CORP.,                              Adv. Pro. No. 16-01158 (SHL)

                    Defendant.

```
------------------------------------------------------x
```

SALVATORE LAMONICA, AS CHAPTER 7
TRUSTEE OF PRETTY GIRL, INC.

                    Plaintiff,

            vs.

PRETTY GIRL OF FORDHAM ROAD CORP.,                    Adv. Pro. No. 16-01159 (SHL)

                    Defendant.

```
------------------------------------------------------x
```

SALVATORE LAMONICA, AS CHAPTER 7
TRUSTEE OF PRETTY GIRL, INC.

                    Plaintiff,

            vs.

PRETTY GIRL OF MOUNT VERNON INC.,                     Adv. Pro. No. 16-01160 (SHL)

                    Defendant.

-----------------------------------------------------------x

SALVATORE LAMONICA, AS CHAPTER 7
TRUSTEE OF PRETTY GIRL, INC.

        Plaintiff,

    vs.

PRETTY GIRL OF NEWARK LTD.,              Adv. Pro. No. 16-01161 (SHL)

        Defendant.


-----------------------------------------------------------x

SALVATORE LAMONICA, AS CHAPTER 7
TRUSTEE OF PRETTY GIRL, INC.

        Plaintiff,

    vs.

PRETTY GIRL OF WOODBRIDGE INC.,        Adv. Pro. No. 16-01162 (SHL)

        Defendant.

-----------------------------------------------------------x

## **MEMORANDUM OF DECISION**


**A P P E A R A N C E S :**

**LAMONICA HERBST & MANISCALCO, LLP**
*Counsel for Salvatore LaMonica, the Chapter 7 Trustee of Pretty Girl, Inc.*
3305 Jerusalem Avenue
Wantagh, NY 11793
By:    David A. Blansky, Esq.

**ROSEN & ASSOCIATES, P.C.**
*Counsel for Defendants*
747 Third Avenue
New York, NY 10017-2803
By:    Sanford P. Rosen, Esq.,
        Christine M. Dehney, Esq.

**SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the motion for summary judgment against all of the Defendants in the 13 above-captioned adversary proceedings filed by Salvatore LaMonica, who is the Chapter 7 Trustee of Pretty Girl, Inc., the Debtor in the above-captioned bankruptcy proceeding. As explained below, the motion is granted in part with further proceedings to be conducted on the remaining aspects of the motion consistent with this Decision.

## BACKGROUND

The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in early July 2014. [Case No. 14-11979, ECF No. 1]. Prior to the bankruptcy filing, the Debtor managed 27 retail stores selling price-conscious women's clothing. *See* Declaration of Albert Nigri Pursuant to Rule 1007-2 ¶ 5 [Case No. 14-11979, ECF No. 1] (the "Nigri Decl."). The Debtor's case was converted from Chapter 11 to Chapter 7 in late December 2014. [Case No. 14-11979, ECF No. 142]. Salvatore LaMonica was then appointed as Chapter 7 Trustee (the "Trustee"). [Case No. 14-11979, ECF No. 143].

In June 2016, the Trustee filed the complaints in these 13 adversary proceedings. Each of the Defendants are stores affiliated with the Debtor that are owned and controlled by the Debtor's principal, Albert Nigri. *See* Nigri Decl. ¶ 5; Excerpt of Albert Nigri's Deposition, at 27:2–7 [Adv. Pro. No. 16-01150, ECF No. 28, Exh. A] (the "Nigri Deposition").[1] The Debtor advanced funds to the Defendants to fund store openings and other "out of the ordinary" expenses. *See* Nigri Decl. ¶ 6; Nigri Deposition, at 34:5–19.

---

[1]    All of the documents material to this motion were filed in each adversary proceeding but are substantively identical. For consistency's sake, the Court will refer to the relevant docket numbers in Adv. Pro. No. 16-01150.

The Trustee's complaints seek amounts from the Defendants for accounts receivables

owed to the Debtor as of December 23, 2014 and advances owed to the Debtor as of June 30,

2014.  *See* Plaintiff's Statement of Material Facts Pursuant to Rule 7056 of the Local Bankruptcy

Rules for the Southern District of New York, Exh. A (Balance Sheet), Exh. B (A/R Aging

Summary) [Adv. Pro. No. 16-01150, ECF No. 23] (the "Trustee's SMF").[2]  All told, these

complaints collectively seek a total of approximately $1.9 million from the Defendants in the

form of accounts receivables and $678,928.05 in the form of advances.  *See* Declaration in Reply

¶ 31 [Adv. Pro. No. 16-01150, ECF No. 30].[3]  Defendants do not dispute that money is owed to

---

[2]      These two filings (the Balance Sheet and the A/R Aging Summary) were executed and sworn to by Mr.
Nigri and filed by the Debtor in the main bankruptcy case.  *See* Nigri Decl.; Operating Report for the Period
12/01/14–12/23/14 [Case No. 14-11979, ECF No. 149].

[3]      While the Trustee's motion largely presents its argument using these aggregate numbers, it does breakdown
the amount allegedly owed by each individual Defendant. 72 Fashion Corp. allegedly owes the Debtor $142,976.41
on account of accounts receivable as of the date of conversion and $36,700.00 in advances as of June 30, 2014 and
has not made direct payments to reduce these amounts.  Trustee's SMF ¶ 11(a)–(d). 165-24 Jamaica Ave. Corp.
allegedly owes the Debtor $265,034.24 on account of accounts receivable as of the date of conversion and $82,800
on account of advances as of June 30, 2014 and has not made any direct payments to reduce these amounts.
Trustee's SMF ¶ 18(a)–(c), ¶ 21. 241 Utica Ave. Corp. allegedly owes the Debtor $54,447.94 on account of
accounts receivable as of the date of conversion and $58,607.44 on account of advances as of June 30, 2014 and has
not repaid this amount to the estate.  Trustee's SMF ¶¶ 28(a)–(c), 30.  947 S. Corp. allegedly owes the Debtor
$82,869.79 on account of accounts receivables as of the conversion date and $14,300 on account of advances as of
June 30, 2014 and has not made direct payments to reduce these amounts.  Trustee's SMF ¶ 36 (a)–(c).  1168
Liberty Corp allegedly owes the Debtor $129,773.48 on account of accounts receivable as of the conversion date
and $41,500 on account of advances as of June 30, 2014 and did not make any direct payments to reduce these
amounts.  Trustee's SMF ¶ 44(a)–(d). 1556 Flatbush Ave. Corp. allegedly owes the Debtor $86,337.90 on account
of accounts receivable as of the date of filing and $16,365.72 on account of advances as of June 30, 2014 and did not
make any direct payments to reduce these amounts.  Trustee's SMF ¶ 51(a)–(d). 2891 3rd Ave. Corp. allegedly
owes the Debtor $128,407.99 on account of accounts receivable as of the date of conversion and $105,455 on
account of advances as of June 30, 2014 and has not made any direct payments to reduce these amounts.  Trustee's
SMF ¶¶ 59 (a)–(c), 62. PG of 730 Flatbush Ave. Corp. allegedly owes the Debtor $122,036.97 on account of
accounts receivables as of the date of conversion and $6,855.67 on account of advances as of June 30, 2014 and did
not make any direct payments to reduce these amounts.  Trustee's SMF ¶ 68(a)–(d).  PG of Jersey City Corp.
allegedly owes the Debtor $48,343.93 on account of accounts receivable as of the conversion date and $25,600 on
account of advances as of June 30, 2014 and has not made any direct payments to reduce these amounts.  Trustee's
SMF ¶ 77(a)–(d).  Pretty Girl of Fordham Road Corp allegedly owes the Debtor $337,661.13 on account of accounts
receivable as of the conversion date and $125,400 on account of advances as of June 30, 2014 and did not make any
direct payments to reduce these amounts.  Trustee's SMF ¶ 86(a)–(d).  Pretty Girl of Mount Vernon Inc. allegedly
owes the Debtor $128,028.40 on account of accounts receivable as of the conversion date and $41,364.43 on
account of advances as of June 30, 2014 and did not make any direct payments to reduce these amounts.  Trustee's
SMF ¶¶ 93(a)–(c), 95.  Pretty Girl of Newark Ltd. allegedly owes the Debtor $225,607.24 on account of accounts
receivables as of the conversion date and $50,479.79 on account of advances as of June 30, 2014 and has failed to

the Debtor's estate.  But they dispute the amount, contending that they owe only $288,368.03 in accounts receivable and $626,725.39 in advances.  *See* Affidavit of Joseph Petriello, CPA  ¶¶ 8, 10 [Adv. Pro. No. 16-01150, ECF No. 27] (the "Petriello Affidavit"); Hr'g Tr., at 53:15–21 [Adv. Pro. No. 16-01150, ECF No. 32].  The difference between the parties' calculations—some $1.6 million—reflects payments that Defendants allegedly made after the bankruptcy filing directly to the Debtor or to other entities on the Debtor's behalf.  Petriello Affidavit ¶ 6.  These include payments to Chase Manhattan Bank, purportedly to repay a loan for which the Debtor and the Defendants were jointly and severally liable.  Petriello Affidavit ¶ 6, 9; Hr'g Tr., at 54:16–22.[4]

Given the common issues in all 13 of these adversary proceedings, the Trustee filed a single motion for summary judgment against all Defendants and one memorandum of law [Adv. Pro. No. 16-01150, ECF No. 22] (the "Motion").  In support of its motion, the Trustee filed the Trustee's SMF.  Defendants responded with a single opposition to the motion [Adv. Pro. No. 16-01150, ECF No. 29] (the "Opposition").  As part of their opposition, the Defendants submitted the Petriello Affidavit and the Defendants' Statement of Material Facts Pursuant to Local Bankruptcy Rule 7056-1 [Adv. Pro. No. 16-01150, ECF No. 28] (the "Defendants' SMF). Thereafter, the Trustee filed a declaration in reply [Adv. Pro. No. 16-01150, ECF No. 30] (the "Reply").

---

turnover these amounts.  Trustee's SMF ¶¶ 101(a)–(c), 103. Pretty Girl of Woodbridge Inc. allegedly owes the Debtor $151,012.30 on account of accounts receivable as of the conversion date and $73,500 on account of advances as of June 30, 2014 and did not make any direct payments to reduce these amounts.  Trustee's SMF ¶¶ 109(a)–(c), 112.

[4]      While the Defendants' brief does not set forth the details of these payments, the Petriello Affidavit includes an exhibit that makes reference to payments to Chase.  *See* Petriello Affidavit, at pages 11–13 of 13.

## **DISCUSSION**

### A.  **Applicable Procedural Law**

Federal Rule of Civil Procedure 56 provides that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.[5]  "[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the [movant] is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56).  "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish [the movant's] right to judgment as a matter of law." *Rodriguez v. City of New York*, 72 F.3d 1051, 1060–61 (2d Cir. 1995).  If "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)).  At this point, the burden then shifts to the non-moving party to produce "sufficient specific facts to establish that there is a genuine issue of material fact for trial." *Lipton v. Nature Co.,* 71 F.3d 464, 469 (2d Cir. 1995) (citation omitted).

"A fact is material when it might affect the outcome of the suit under governing law." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007).  "In deciding whether material factual issues exist, all ambiguities must be resolved and all reasonable inferences must be drawn in favor of the nonmoving party." *In re Ampal-Am. Israel Corp.*, 2015 Bankr. LEXIS 2934, at *31 (Bankr. S.D.N.Y. Sept. 2, 2015) (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at

---

[5]    Federal Rule of Civil Procedure 56 is made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056.

587).  A party opposing a properly supported motion for summary judgment may not rest upon

allegations or denials of pleadings but must set forth specific facts showing there is a genuine

issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "[T]here is no issue

for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a

verdict for that party."  *Id.* at 249.  The nonmoving party "must do more than simply show that

there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co.*, 475 U.S.

at 586.

Properly supported facts in a statement of material facts that are not specifically

controverted by an opposing party are deemed admitted.  *See* S.D.N.Y. Local Bankruptcy Rule

7056-1(d) ("Each numbered paragraph in the statement of material facts required to be served by

the moving party shall be deemed admitted for purposes of the motion unless specifically

controverted by a correspondingly numbered paragraph in the statement required to be served by

the opposing party.").

Two rules of evidence are relevant to today's dispute.[6]  The first rule—Federal Rule of

Evidence 1006—permits summaries and charts as evidence where the contents of voluminous

writings cannot be conveniently examined in court.  Fed. R. Evid. 1006 ("The proponent may

use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or

photographs that cannot be conveniently examined in court.").  The documents underlying an

exhibit under Rule 1006 must be made available to the adverse party.  *Tamarin v. Adam*

*Caterers, Inc.*, 13 F.3d 51, 53 (2d Cir. 1993).  Such a summary or chart must be based on

foundation testimony connecting it with the underlying evidence summarized.  *Sec. Inv'r Prot.*

*Corp. v. Bernard L. Madoff Inv. Sec., LLC*, 610 B.R. 197, 226 (Bankr. S.D.N.Y. 2019) (citing

---

[6]      The Federal Rules of Evidence are made applicable to these proceedings by Federal Rule of Bankruptcy
Procedure 9017.

*Fagiola v. Nat'l Gypsum & Co.*, 906 F.2d 53, 57 (2d Cir. 1990)).  Said another way, a party offering evidence under Rule 1006 must provide a sufficient explanation to show how the numbers on the exhibit were derived from the underlying evidence.  *Scott v. Rosenthal*, 53 F. App'x. 137, 141 (2d Cir. 2002).  If not, the exhibit will be rejected.  *See, e.g.*, *United States v. Citron*, 783 F.2d 307, 316–317 (2d Cir. 1986) (reversing the district court admission of a summary chart when the chart's figures were not supported by the evidence).

The second rule—Federal Rule of Evidence 703—addresses the bases for an expert opinion.  Rule 703 provides that an expert "may base an opinion on facts or data in the case that the expert has been made aware of or personally observed."  Fed. R. Evid. 703.  The underlying facts or data do not need to be admissible so long as experts in the field would reasonably rely on the same.  *Id.*  Such opinions can still be rejected, however, if a court finds the expert was unfamiliar with the data and conducted no independent diligence on the data on which his opinion was based.  *See In re Corporate Res. Servs.*, 603 B.R. 888, 896–897 (Bankr. S.D.N.Y. 2019) (expert opinion stricken where expert relied on data from a publication with which he was unfamiliar and where the expert did not independently investigate that data).

Taking these two evidentiary rules together, experts are permitted to use a summary that meets the requirements of Rule 1006 but only insofar as the expert's opinions in the summary do not violate Rule 703.  *Master-Halco, Inc. v. Scillia Dowling & Natarelli LLC*, 2010 U.S. Dist. LEXIS 38113, at *8 (D. Conn. Apr. 19, 2010).

**B.  <u>Applicable Substantive Law</u>**

Section 541 of the Bankruptcy Code provides that property of the estate includes all legal or equitable interests of the debtor in property as of the commencement of the bankruptcy case. 11 U.S.C. § 541(a)(1).  The debtor's right to collect accounts receivable is part of the debtor's

property.  *In re Crysen/Montenay Energy Co.*, 902 F.2d 1098, 1101 (2d Cir. 1990).  The essence

of a turnover action is to bring the estate's property into its custody; in a collection action for

accounts receivable, this means converting an account receivable into cash.  *In re Pali Holdings,*

*Inc.*, 488 B.R. 841, 851 (Bankr. S.D.N.Y. 2013).

      To sustain an action for goods sold and delivered under New York law, the "plaintiff may

set forth and number in his verified complaint the items of his claim and the reasonable value or

agreed price of each.  Thereupon the defendant by his verified answer shall indicate specifically

those items he disputes and whether in respect of delivery or performance, reasonable value or

agreed price." N.Y. C.P.L.R. 3016(f); *see also Redlyn Electric Corp. v. Dean Electric Co.*, Inc.,

2009 N.Y. Misc. LEXIS 5794, at *7 (Sup. Ct. Nassau Cty. June 1, 2009).  In an action for breach

of contract in bankruptcy court, state law will govern.  *See In re Udell*, 18 F.3d 403, 408 (7th Cir.

1994) (citing *Butner v. United States*, 440 U.S. 48, 54–55 (1979) ("absent overriding federal

interest, state law determines property rights in assets of bankrupt's estate")).  To sustain an

action for breach of contract under New York law, a plaintiff must show: (1) a contract; (2)

performance of the contract by one party; (3) breach by the other party; and (4) damages.

*Rexnord Holdings v. Bidermann*, 21 F.3d 522, 525 (2d Cir. 1994).  To assert a claim of unjust

enrichment under New York law, a plaintiff "must show that the defendant was enriched at the

plaintiff's expense and that equity and good conscience require the plaintiff to recover the

enrichment from the defendant." *Golden Pacific Bancorp v. F.D.I.C.*, 375 F.3d 196, 203 n.8 (2d

Cir. 2004); *see also Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (citing *Dolmetta v.*

*Uintah Nat'l Corp.*, 712 F.2d 15, 20 (2d Cir. 1983)).

11

C. **The Trustee is Entitled to Summary Judgment for Money that is Undisputedly Owed**

While Defendants oppose the Trustee's Motion, they do not do so in full. Rather, Defendants admit they are liable for approximately $915,000 in the aggregate for various accounts receivable and advances. Specifically, Defendants admit they owe $288,368.03 out of the $1,902,539.72 sought by the Trustee for accounts receivable. Petriello Affidavit ¶ 8; *see* Hr'g Tr., at 43:12–24, 53:15–21. As for advances, Defendants admit that they owe $626,725.39 out of the alleged $678,928.05 asserted by the Trustee. Petriello Affidavit ¶ 10; *see* Hr'g Tr., at 43:12–24, 53:15–21. As there is no dispute about these amounts being owed, the Court will grant summary judgment to the Trustee for the undisputed amounts for accounts receivable and advances totaling $915,093.42. The Court now turns to the amounts in dispute.

D. **The Payments to Chase Do Not Reduce Defendants' Liability to the Debtor**

Defendants dispute the amounts owed based on transfers made by Defendants to Chase after the conversion of the case to a petition under Chapter 7. Defendants contend that the payments to Chase were to repay a loan that Defendants were jointly and severally liable with the Debtor, and, therefore, and those payments benefited both the Debtor and the Defendants equally. Of crucial importance, Defendants have made clear that they were jointly and severally liable for with the Debtor for this obligation to Chase. *See* Opposition, at page 6 of 7; Hr'g Tr., at 54:16–22. Defendants contend that they are entitled to a credit for the Chase payments under Section 509 of the Bankruptcy Code, thus reducing their obligation to the Trustee. Hr'g Tr., at 54:16–55:4. The Trustee does not dispute the payments to Chase but disagrees that the Defendants are entitled to credit for these amounts. More specifically, the Trustee argues that any payments to Chase where Defendants received a benefit are not entitled to subrogation. Reply ¶ 51; Hr'g Tr., at 41:18–42:21.

The Court agrees with the Trustee.  Section 509 of the Bankruptcy Code provides that "an entity that is liable with the debtor on . . . a claim of a creditor against the debtor, and that pays such claim, is subrogated to the rights of such creditor to the extent of such payment."  11 U.S.C. § 509(a).  But there is an exception to the rule where, "as between the debtor and such entity, such entity received the consideration for the claim held by such creditor."  11 U.S.C. § 509(b)(2).  As a result, Section 509(b)(2) excludes from subordination an entity primarily liable for a debt because it received consideration for paying that debt.  *In re Celotex Corp.*, 472 F.3d 1318, 1321 (11th Cir. 2006) ("Every court that has expressly applied Section 509(b)(2) has held that it excludes those who are primarily liable for the debt from subrogation because they received consideration for paying the debt.") (citing *Cornmesser v. Swope*, 264 B.R. 159, 163 (Bankr. W.D. Pa. 2001); *In re Valley Vue Joint Venture*, 123 B.R. 199, 205 (Bankr. E.D. Va. 1991);  *Patterson v. Yeargin*, 116 B.R. 621, 622 (Bankr. M.D. Tenn. 1990); *In re Russell*, 101 B.R. 62, 65 (Bankr. D. Ark. 1989)); *cf. In re Wingspread Corp.*, 145 B.R. 784, 790 (S.D.N.Y. 1992) ("The relevant question in the subrogation context is not simply whether the party was directly liable, but rather whether its payment was used to satisfy another's obligation.").  Not surprisingly then, "Section 509 does not apply when the liability of the person seeking subrogation is direct and of equal status with the debtors."  *In re Northstar Offshore Group, LLC*, 628 B.R. 286, 308 (Bankr. S.D. Tex. 2020) (citing *In re Flamingo*, 55 Inc., 378 B.R. 893, 920 (Bankr. D. Nev. 2007)).  Where parties are jointly and severally liable on a debt, courts have allowed subrogation only "where a separate agreement transfers the obligation to pay the claim to the debtor."  *In re Celotex Corp.*, 472 F.3d at 1321–1322 (reasoning that the debtor, rather than the party seeking subrogation, received consideration for release from the obligation).

As it is undisputed that the Defendants and the Debtor were both liable on the Chase debt, the Defendants are not entitled to subrogation under Section 509.  Accordingly,  the Defendants are not entitled to a credit for any amount paid to Chase, and that amount is owed to the Trustee in these adversary proceedings.[7]

**E.  The Defendants are Prohibited from Receiving a Credit for Amounts Admitted to in their Responses to the Requests for Admissions**

The parties disagree about whether certain admissions made by the Defendants in discovery impact the facts that are legitimately in dispute for the Trustee's Motion.  The short answer is yes, to some extent.

As part of discovery, the Trustee served Requests for Admission ("RFA") on all 13 Defendants in these adversary proceedings.  *See* Trustee's SMF Exhs. E, I, N, S, X, BB, GG, LL, QQ, VV, ZZ, EEE, JJJ.  Admission No. 11 of the RFA stated as follows: "Defendant did not make any direct payments to the Debtor on or after June 30, 2014 reducing the Advances."  *See id*.  In their responses, all of the Defendants admitted they did not make any direct payments to the Debtor on or after June 30, 2014 reducing the Advances.  *See* Trustee's SMF Exhs. F, J, O, T, Y, CC, HH, MM, RR, WW, AAA, FFF, KKK. Consistent with this admission, Trustee's SMF sets forth as fact that the Defendants did not make any direct payments to the Debtor after June 30, 2014 on account of the advances.  *See* Trustee's SMF ¶¶ 11(d), 18(c), 28(c), 36(c), 44(d), 51(d), 59(c), 68(d), 77(d), 86(d), 93(c), 101(c), 109(c).  Notwithstanding this admission, ten of the Defendants now flatly dispute the same fact, with most relying on the Petriello Affidavit filed

---

[7]    The record is unclear on the exact amount paid by these Defendants to Chase.  The Court directs the parties to confer about the precise amount paid to Chase by Defendants and then file a letter on the docket within 21 days of entry of this Decision with their views about the precise amount.

in response to the Trustee's Motion.[8]  *See* Defendants' SMF ¶¶  18(c), 28(c), 36, 44, 51, 59(c), 77(d), 93(c), 101(c).[9]

But Defendants' belated change in position is not permitted.  A matter admitted during the discovery process by a party under Rule 36 of the Federal Rules of Civil Procedure "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."  *See* Fed. R. Civ. P. 36(b).[10]  "The advisory committee's note [to Rule 36] emphasizes that admissions have a 'conclusively binding' effect, akin to a stipulation, so that parties may safely avoid the expense of preparing to prove matters already admitted . . . [p]laintiffs therefore may not use deposition testimony to create a genuine issue of material fact as to any fact admitted pursuant to Rule 36."  *Kim v. Goldstein,* 2007 U.S. Dist. LEXIS 41380, at *6 (S.D.N.Y. 2017) (citing advisory committee's note).  Not surprisingly then, "[a]dmissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment."  *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987).

Notwithstanding the general rule on admissions, there is "room in rare cases for a different result, as when an admission no longer is true because of changed circumstances or through honest error a party has made an improvident admission."  *Sec. Ins. Co. v. Trustmark Ins. Co.*, 217 F.R.D. 296, 298 (D. Conn. 2002) (citing 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2264 (2d ed. 1987)).  But there is nothing here to suggest that this is the rare case for an exception.  Defendants did not file a motion to withdraw

---

[8]     These ten Defendants are 165-24 Jamaica Ave Corp., 241 Utica Ave Corp., 947 S. Corp., 1168 Liberty Corp., 2891 3rd Ave Corp., 1556 Flatbush Ave Corp., PG of Jersey City Corp., Pretty Girl of Fordham Road Corp., Pretty Girl of Mt. Vernon, Inc., and Pretty Girl of Newark Ltd..

[9]     One of these ten Defendants—Pretty Girl of Fordham Road Corp—disputes this fact but does not cite to the Petriello Affidavit or any other evidence in support of its denial.  *See* Defendants' SMF ¶ 86(d).

[10]    Federal Rule of Civil Procedure 36 is made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7036.

these admissions.  Indeed, the Court is unaware of any effort by Defendants to amend or

withdraw these admissions before the hearing on this motion.  Nor have Defendants provided an

explanation that justifies such relief.  Indeed, the circumstances here dovetail with the precise

concerns identified in the case law about undermining a party's ability to rely on admissions.

*See Kim*, 2007 U.S. Dist. LEXIS 41380, at *5 (citing *Kasuboski,* 834 F.2d at 1350 ("Although

the failure to respond can effectively deprive a party of the opportunity to contest the merits of a

case, this result is necessary to [e]nsure the orderly disposition of cases; parties to a lawsuit must

comply with the rules of procedure. . . [f]urthermore, any potential harshness is tempered by the

availability of a motion to withdraw admissions. . .")).  The Defendants here had years to modify

their admissions but failed to do so.  *See United States SEC v. Collector's Coffee, Inc.*, 537 F.

Supp.3d 497, 500 (S.D.N.Y. 2021) (citing *Donovan v. Carls Drug Co.*, 703 F.2d 650, 651–52

(2d Cir. 1983) ("Because the language of the Rule is permissive, the court is not required to

make an exception to Rule 36 even if both the merits and prejudice issues cut in favor of the

party seeking exception to the rule. . . . Vesting such power in the district court is essential for

Rule 36 admissions effectively to narrow issues and speed the resolution of claims.")).  For all

these reasons, the Court finds that the Defendants are bound by their prior admission and cannot

now disregard it after the Trustee has relied upon it in its motion.[11]

 The Trustee also seeks to rely on two other admissions to foreclose the Defendants from

relying on the Petriello Affidavit as to amounts owed.  But as on these other admissions, the

Court disagrees.  As to the first of these admissions, a number of the Defendants admitted that

they never made payments directly to the Debtor to reduce the accounts receivable owed by each

---

[11]    The Court does not know the impact of the admission on the amounts owed by the Defendants.  This is
particularly unclear given the potential overlap between the admission and the other matters at issue in this case such
as the Chase payments.  The Court directs the parties to confer on this issue and file a letter with their views on the
issue on the docket within 21 days.  *See cf.* n.7.

16

as of December 26, 2014. [12]  *See* Reply ¶ 42 (citing Trustee's SMF, Exhs. F, T, Y, MM, RR and WW).  But this admission does not contradict the Petriello Affidavit because the transactions in the Petriello Affidavit occurred after December 26, 2014.  As the time frame for the analysis in the Petriello Affidavit does not overlap with this admission, the admission does not preclude the Defendants' arguments about transactions after December 26, 2014.  As to the second of these admissions, Defendants were asked to respond to "Request for Admission No. 10: Defendant did not make any direct payments to the Debtor on or after December 26, 2014 reducing the Accounts Receivable."  *See* Trustee's SMF Exhs. E, I, N, S, X, BB, GG, LL, QQ, VV, ZZ, EEE, JJJ.  As all 13 of the Defendants denied this admission in their discovery responses, that fact is not admitted and thus not considered in the Court's determination today.  *See* Trustee's SMF Exhs. F, J, O, T, Y, CC, HH, MM, RR, WW, AAA, FFF, KKK.

## F.  The Court Requires Additional Evidence in Order to Determine Whether or Not Defendants Have Reduced Their Obligations to the Trustee

Separate and apart from the issues discussed above, the Defendants allege they made a number of other payments to or on behalf of the Debtor after the bankruptcy for which they should receive credit.  Petriello Affidavit ¶¶ 6–7; Hr'g Tr., at 50:5–6.  In support of their position, Defendants once again rely on the Petriello Affidavit.  Based on Mr. Petriello's review of the Debtor's books and records, the Affidavit presents his conclusion—in an attached nine-page Excel spreadsheet—as to payments made by Defendants to the Debtor.

But there are two significant problems with the Petriello Affidavit.  While Mr. Petriello's spreadsheet specifies the date and Defendant making such a payment, it does not identify the source of such information in the Debtor's books and records.  *See* Petriello Affidavit  ¶¶ 6–10;

---

[12]        These Defendants are 72 Fashion Corp., 947 S. Corp., 1168 Liberty Corp., 1556 Flatbush Ave Corp., PG of 730 Flatbush Ave Corp., PG of Jersey City Corp., and Pretty Girl of Fordham Road Corp..

Hr'g Tr., at 44:23–45:13; Reply ¶¶ 17–21, 29–30 (complaining about the Defendants' failure to

identify the underlying data that supports Mr. Petriello's conclusions), 50–51 (arguing that

Defendants fail to show ledger adjustments conferred a benefit).  While Mr. Petriello is permitted

to use a summary chart, such as his Excel spreadsheet, the chart is only useful when it is tied to

the underlying evidence.  This was not done here.  *See Master-Halco, Inc.*, 2010 U.S. Dist.

LEXIS 38113, at *8 citing *Weinstein's Federal Evidence* § 1006.08[4] (explaining it is error to

admit a chart or summary as evidence-in-chief when it can only properly be used to aid

understanding); Fed. R. Evid. 1006 ("The proponent may use a summary, chart, or calculation to

prove the content of voluminous writings, recordings, or photographs that cannot be

conveniently examined in court."); *see also Bernard L. Madoff Inv. Sec.*, 610 B.R. at 226 (citing

*Fagiola*, 906 F.2d at 57 (a summary exhibit must "be based on foundation testimony connecting

it with the underlying evidence summarized.")).

Moreover, it appears that the Petriello Affidavit was only provided to the Trustee when

the Defendants filed their response to the Motion.  Thus, Mr. Petriello's opinion was not

disclosed before the close of discovery,[13] notwithstanding the requirements of Federal Rule of

Civil Procedure 26.[14]  *See* Fed. R. Civ. P. 26(a)(2)(D)[15] (time to disclose expert governed by

---

[13]       *See* Amended Scheduling and Pre-Trial Order [Adv. Pro. No. 16-01150, ECF No. 17] (setting a fact discovery deadline of April 30, 2018 for Adv Pro. Nos. 16-01151, 16-01152, 16-01153, 16-01155, 16-01156, 16-01157, 16-01158, 16-01160, 16-01161, and 16-01162 and a fact discovery deadline of May 31, 2018 for Adv. Pro. Nos. 16-01150, 16-01154, and 16-01159).

[14]        It is the Court's understanding that the Trustee supplied the Debtor's books and records upon which it relies to the Defendants before the close of discovery.  The Petriello Affidavit is dated October 27, 2020, more than two years after the close of discovery.

[15]       Federal Rule of Civil Procedure 26 is made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7026.

court order, or in the absence of an order, within 30 days of the disclosure of the other side's evidence for which the exert is called to rebut).[16]

Given these two problems, there is a basis to strike the Petriello Affidavit or at least significantly limit its permissible scope for the pending motion. All that said, however, the Court is mindful that Trustee's counsel conceded that some documentation is consistent with and supports some of the transactions in the Petriello Affidavit. In keeping with this Court's obligation to seek justice and decide cases on the merits, the Court will give Defendants a limited opportunity to supplement the record on this issue.[17] Accordingly, to the extent that the Defendants seek credit for specific payments identified in the Petriello Affidavit—other than those that are the subject of the Court's rulings above—the Defendants must file a pleading with reference to appropriate supporting evidence that provides the following information for each such payment: 1) the date; 2) the entity making the payment; 3) the reason for the payment; and 4) the specific documentary evidence that supports the Defendants' claim as to each payment. The Defendants shall file a submission with this information within 21 days of entry of this Decision, and Trustee shall file any response within 21 days of the Defendants' submission. After the Court receives these submissions, the Court will schedule further proceedings on the Motion as appropriate.

---

[16]    These may not be the only problems with the Defendants' position. The Trustee notes that Defendants do not assert in their answers the defenses of offsets, setoff, or subrogation, which are the legal theories under which the Defendants now seek credit for the payments identified by Mr. Petriello. *See* Hr'g Tr., at 41:1–8; 56:2–6; *see also* Opposition, at page 6 of 7; Reply ¶ 49 (noting that the defense of unjust enrichment was not asserted as an affirmative defense and arguing that such a defense has been waived); Fed. R. Bankr. P. 7008(c) (providing that, in response to a pleading, a party must affirmatively state any avoidance or affirmation). The waiver issue was not well developed by the parties. Given the Court's ruling today and the need for additional submissions, the Court will not resolve any waiver argument now, and all parties reserve their rights on that question.

[17]    The Court commends the candor of Trustee's counsel, notwithstanding his understandable frustration with the defects in the Petriello Affidavit. *See* Hr'g Tr., at 47:13–17, comments of D. Blansky, Esq. ("So I can answer in the technical way that I don't think you should consider it. But to the extent that you did, I'd let you know that I'm aware of documents existing in the universe that may in part substantiate at least some of the transactions covered by Mr. Petriello.").

## <u>CONCLUSION</u>

For the foregoing reasons, the Court grants the Trustee's Motion in part.  The Trustee is directed to settle an order on five days' notice.  The proposed order granting partial summary judgment must be submitted by filing a notice of the proposed order on the Case Management/Electronic Case Filing docket, with a copy of the proposed order attached as an exhibit to the notice.  A copy of the notice and proposed order shall also be served upon counsel to Defendants.

Defendants are directed to file a submission on the docket within 21 days of entry of this Decision to supplement their allegations about post-petition payments made to the Debtor and the Trustee shall have 21 days from the Defendants' submission to file its response.  The parties are directed to confer within 10 days of entry of this Decision about the amounts paid by Defendants to Chase and the impact of Defendants' admissions on the amounts owed to the Trustee; the parties shall file a letter on the docket within 21 days of entry of this Decision on these topics.

Dated: April 7, 2022          <i>/s/ **Sean H. Lane**</i>
     New York, New York          UNITED STATES BANKRUPTCY JUDGE